J-S26001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARK EMMANUEL MEAD, JR. | : | |
| | : | |
| Appellant | : | No. 374 MDA 2022 |

Appeal from the PCRA Order Entered February 16, 2022,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s): CP-54-CR-0000306-2012.

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 30, 2022**

Clark Emmanuel Mead, Jr., appeals *pro se* from the order denying his untimely-filed fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The facts and procedural history may be summarized as follows. On June 5, 2012, a jury convicted Mead of committing multiple sexual offenses upon his then-girlfriend's two minor sons. On September 27, 2012, the trial court sentenced him to an aggregate term of 27½ to 55 years of imprisonment. The trial court also classified Mead as a sexually violent predator ("SVP") and he was ordered to comply with the registration

_____

[*] Former Justice specially assigned to the Superior Court.

requirements under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"). 42 Pa.C.S.A. §§ 9799.10-9799.41.

Mead appealed to this Court. On December 13, 2013, we affirmed his judgment of sentence, and, on July 2, 2014, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Mead*, 93 A.3d 509 (Pa. Super. 2013) (non-precedential decision), *appeal denied*, 94 A.3d 1009 (Pa. 2004). Mead did not seek further review.

On July 1, 2015, Mead filed a counseled first PCRA petition in which he raised multiple claims of ineffective assistance of trial counsel. Both trial counsel and Mead testified at an evidentiary hearing held August 13, 2015. By order entered October 2, 2015, the PCRA court denied the petition. Mead appealed to this Court. On August 11, 2016, we affirmed the denial of post-conviction relief because PCRA counsel's vague Pa.R.A.P. 1925(b) statement resulted in waiver of Mead's claims. *Commonwealth v. Mead*, 156 A.3d 334 (Pa. Super. 2016) (non-precedential decision). Thereafter, Mead filed a *pro se* second PCRA petition, which the PCRA court dismissed as untimely filed on November 30, 2016. This Court affirmed the dismissal on July 18, 2017, and our Supreme Court denied Mead's petition for allowance of appeal on February 14, 2018. *Commonwealth v. Mead*, 175 A.3d 395 (Pa. Super. 2017) (non-precedential decision), *appeal denied*, 181 A.3d 1077 (Pa. 2018).

While his appeal from the denial of his second PCRA petition was pending, Mead filed a third PCRA petition. The PCRA court issued a

Pa.R.Crim.P. 907 notice of its intent to dismiss Mead's third petition, stating that it could not entertain this serial petition while the appeal from the dismissal of Mead's second PCRA petition was still pending. The PCRA court dismissed Mead's third PCRA petition on December 7, 2017, and we affirmed the dismissal on October 12, 2018. *Commonwealth v. Mead*, 200 A.3d 559 (Pa. Super. 2018) (non-precedential decision).

On January 18, 2022, Mead filed the *pro se* PCRA petition at issue, his fourth. On January 21, 2022, the PCRA court entered an order dismissing this petition as untimely filed and noting that Mead failed to allege any exception to the PCRA's time bar.[1] On January 31, 2022, the county clerk of courts' office marked as filed Mead's *pro se* "Newly Discovered Facts/Amendment." In this filing, Mead asserted that his fourth PCRA petition was timely given our Supreme Court's "landmark decision" in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). By order entered February 16, 2022, the PCRA court acknowledged receipt of Mead's *pro se* filing, denied it as a "PCRA motion," and reaffirmed its dismissal of Mead's fourth PCRA petition. This appeal followed. Both Mead and the PCRA court have complied with Pa.R.A.P. 1925.

Mead raises the following two issues on appeal:

---

[1] Although the PCRA court did not issue Pa.R.Crim.P. 907 notice of its intent to dismiss Mead's petition, no reversible error occurs when the record is clear that the petition is untimely. *See generally*, *Commonwealth v. Ziegler*, 148 A.3d 849 (Pa. Super. 2016).

I.      Did the PCRA court commit an error or abuse its discretion in dismissing an uncounseled petition when [Mead] invoked newly discovered facts by way of controlling precedent case law/procedural right to effective PCRA counsel[?]

II.     Did the Court of Common Pleas of Schuylkill County deny [Mead] due process when it refuses to provide the transcripts and discovery material to properly outline the claims[?]

Mead's Brief at 6 (excess capitalization omitted).[2]

In addressing his first issue, we consider the PCRA court's conclusion that Mead's fourth PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012)

---

[2] Mead has filed a motion to strike the Commonwealth's brief because it was filed one day late. We decline to do so, and thus deny Mead's motion. *See* Pa.R.A.P. 105(a)(explaining appellate rules "shall be liberally construed to secure the just, speedy, and inexpensive determination" of appeals); *Clark v. Peugh*, 257 A.2d 1260, 1264 n.1 (Pa. Super. 2021) (refusing to quash appeal when late filing of brief did not substantially impede appellate review).

(citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Mead's judgment of sentence became final on September 30, 2014, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time for filing a writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Mead had until September 30, 2015, to file a timely petition. Because Mead filed his fourth PCRA petition in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Mead failed to plead an exception to the PCRA's time bar in his fourth PCRA petition. We could affirm the denial of post-conviction relief on this basis alone. *Burton*, *supra*. Moreover, the PCRA court did not grant Mead leave

- 5 -

to file the amendment in which he raised a time-bar exception. **See** Pa.R.Crim.P. 905; **Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014) (explaining that before a petitioner may amend a PCRA petition, a petitioner must seek and obtain leave to amend because amendments to a PCRA petition are not "self-authorizing").

Nevertheless, we briefly address Mead's contention on the timeliness issue. In his *pro se* "Newly Discovered Facts/Amendment," Mead asserted he could establish the newly discovered fact exception. As this Court has previously summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, Mead contends that our Supreme Court's **Bradley** decision constitutes a "newly discovered fact" pursuant to this subsection. He is mistaken. It is now well-settled that when a petitioner asserts that a PCRA petition is timely based on the issuance of a judicial decision, only the third Section 9545 timeliness exception, *i.e.*, an after-recognized constitutional

right, may apply. "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (citing **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011)).

Importantly, the **Bradley** decision involves the right to effective counsel in a **timely** first PCRA petition. **Bradley**, 261 A.3d at 386. **Bradley** did not create a newly-recognized constitutional right and thus, did not involve the PCRA's time bar. Although Mead now wishes to challenge as ineffective PCRA counsel's failure to preserve his claims in his first PCRA petition filed in 2015, **Bradley** cannot be read to afford him the ability to challenge trial counsel's effectiveness in an **untimely** fourth PCRA petition.

In sum, the PCRA court correctly determined that Mead's fourth PCRA petition was untimely filed, and he did not plead or prove an exception to the PCRA's time bar. As such, we lack jurisdiction to address the merits of his second issue. **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying Mead post-conviction relief.

Motion to Strike denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/30/2022

- 7 -